**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS LOPEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>D. SCOTT CARRUTHERS APLC,<br><br>  Defendant. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.***<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff, LUIS LOPEZ, through counsel, WAJDA LAW GROUP, APC, complaining of Defendant, D. SCOTT CARRUTHERS APLC, as follows:

**NATURE OF THE ACTION**

1. This action seeks damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. LUIS LOPEZ ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. D. SCOTT CARRUTHERS APLC ("Defendant") is a domestic professional law corporation with a principal place of business located in Stanton, California.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

11. LoanMe Inc. sold Plaintiff's debt to Mountain Lion Acquisitions. Mountain Lion Acquisitions referred Plaintiff's debt to Defendant for collection.

12. Plaintiff's alleged $13,277.19 balance owed LoanMe Inc. is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Plaintiff's alleged $13,277.19 balance owed LoanMe Inc. is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

14. On December 6, 2018, Defendant mailed Plaintiff an initial written communication stating:

> Your LOANME INC loan ("debt") has been purchased by our client, MOUNTAIN LION ACQUISITIONS and our firm has been retained by MOUNTAIN LION ACQUISITIONS to file a lawsuit on its behalf as a means to collect on this debt. In compliance with Section 1033(b)(2) of the California Code of Civil Procedure, you are hereby notified of such possible legal action. If a lawsuit is filed which results in a judgment against you the amount owed on the debt may increase as you may be liable for additional amount(s) for court costs, interest, and reasonable attorney fees where applicable. If a court judgment is obtained it will legally give our client the right to seek and attach your non-exempt real or non-exempt personal property.

15. Despite having been retained by Mountain Lion Acquisitions to file a lawsuit on its behalf, Defendant has failed to do so in the 82 days that have followed.

# CLAIMS FOR RELIEF

## Count I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

16. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e(5)

17. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

18. Defendant violated 15 U.S.C. § 1692e(5) by threatening to file a lawsuit that they did not intend to file

19. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)
  (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(1) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. § 1692e(5);

  B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

  C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

  E. award such other relief as this Court deems just and proper.

## COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)

20. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.17

21. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

22. As alleged, Defendant violated 15 U.S.C. § 1692e(5); therefore violating Cal. Civ. Code § 1788.17.

23. Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

> (a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;
>
> (b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be

for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code § 1788.17;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 26, 2019                                     Respectfully submitted,

**LUIS LOPEZ**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com